# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM JAMES** | **CASE NO.** |
| **VS** | **JUDGE** |
| **ASI FEDERAL CREDIT UNION** | **MAGISTRATE** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Kim James, a person of the full age of majority and resident of the State of Louisiana, who represents the following:

1

Made defendant herein is ASI Federal Credit Union, a non-profit financial institution serving the Southeastern Louisiana.

2

This Court has jurisdiction over this matter pursuant to 28 USC 1331, as this matter arises under the laws of the United States, specifically Title VII of the Civil Rights Act, 42 USC 2000 et.seq.  The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC 1367.

3

Plaintiff, Kim James, began her employment with defendant on October 5, 2009. She was employed with defendant until November 9, 2009, period during which the incidents described in this complaint occurred.

4

Ms. James alleges that defendant's conduct amounted to retaliation and discrimination based on race and sex, in violation of section 2000e-2 of Title VII of the Civil Rights Act of 1964, and of La. R.S. 23:332.

5

Until her discharge, Ms. James was the only African American employee working as an operations support specialist for her department.

6

From the first day at work, Ms. James had to face difficulties created by the defendant's other employees.

7

On November 5, 2009, a first major incident occurred, involving Terrell Spencer, a security guard working for the defendant. This incident took place as a result of Mr. Spencer's repeated advances to the plaintiff.

8

More precisely, on November 5, 2009, Terrell Spencer for the fourth time asked Ms. James to be his friend, and to go out with him. He was turned down, and, in order to hide his misconduct, Mr. Spencer reported Ms. James to the Human Resources department, claiming against her facts that are still unknown. When Ms. James reported the sexual harassment to management, she was told that the situation would be alright.

9

Witnessing the November 5, 2009, incident was Jean Mohammed, a fellow operations support specialist, who was in charge of training new employees. Jean

Mohammed had more experience than Ms. James, and, thus, she was more valuable to manager Kevin Burke, who was new working over the area.

10

The work relationship between Jean Mohammed and Ms. James was not a good one, ever since Ms. James' first started work for the defendant. Ms. James was being singled out by Jean Mohammed, who refused to adequately train her.

11

Following plaintiff's refusal of Terrell Spencer's advances, with whom Ms. Mohammed was friends, the latter became increasingly reluctant to train Ms. James, or to communicate with her. Ms. James complained about the situation to manager Kevin Burke.

12

After the complaint, Ms. Mohammed went to Julie Schulz from the Human Resources department, without speaking first to management, and made in turn accusations about Ms. James' behavior and remarks. Ms. James was subsequently fired.

13

Defendant discriminated Ms. James because of her race and sex.

14

All the managers who made the decision to discharge Ms. James are Caucasian. Jean Mohammed, a more valuable employee to manager Kevin Burke, and who had been giving Ms. James a hard time since her first day of work, is also white.

15

Management did not give any explanation regarding the reasons of Ms. James' discharge, and did not allow her to present her side of the story. Management found more value in the claims of a white woman, Jean Mohammed, and a man, Terrell Spencer, over the complaints of plaintiff.

16

Moreover, defendant failed to apply the same treatment to its employees. While Ms. James was fired without an explanation, management did not pursue Ms. James' complaints against Jean Mohammed and Terrell Spencer.

17

The discharge was furthermore a retaliatory action, caused by Ms. James' complaints against her co-workers.

18

The adverse action against Ms. James took place on November 9, 2009, only several days after Ms. James complained to management about Terrell Spencer's sexual harassment and Jean Mohammed's behavior.

19

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Right-to-Sue Notice dated July 28, 2010.

20

The EEOC issued the Right-to-Sue Notice as more than 180 days had passed since plaintiff filed the Charge.

21

As a result of defendant's discrimination, humiliation and harassment, plaintiff has suffered severe emotional distress and anxiety.

22

Wherefore, plaintiff requests that judgment be rendered in her favor and against the defendant, ASI Federal Credit Union, and the following relief be awarded:

a. back pay and benefits;

b. reinstatement or front pay and benefits;

c. compensatory damages for emotional distress, mental anguish, humiliation and embarrassment;

d. punitive damages;

e. attorney's fees and costs;

f. any other damages the court deems appropriate.

Respectfully submitted,

*/s/ Dan M. Scheuermann*
Dan M. Scheuermann (LA #11767)
600 America St.
Baton Rouge, LA 70802
Tel. (225) 344-9381
Fax. (225) 344-9384
Email: dan@dmsattorney.com
Counsel for Plaintiff,
Kim James

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM JAMES | CASE NO. |
| VS | JUDGE |
| ASI FEDERAL CREDIT UNION | MAGISTRATE |

## VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

Before me, the undersigned authority, duly commissioned in and for the state and parish stated above, personally came and appeared Kim James who, after being duly sworn, did depose and state that she has read the attached Complaint, that she is familiar with the facts and circumstances forming the basis thereof, and that the facts alleged therein are true and correct to the best of her knowledge and belief.

_____
Kim James

Sworn to and subscribed before me, this _____ day of _____, 2010.

_____
DAN SCHEUERMANN (#11767) – Notary Public